STATE OF NORTH CAROLINA v. STACEY G. GUTIERREZ, Defendant

No. COA06-1069

(Filed 7 August 2007)

1. **Prisons and Prisoners— malicious conduct by prisoner— intentionally spat on officer**

   The trial court did not abuse its discretion in a malicious conduct by a prisoner case by admitting over defendant's objection the police officers' testimony that defendant intentionally spat on an officer, because: (1) defendant waived his right to appeal the admission of such testimony by eliciting testimony from an officer regarding defendant's intent; and (2) even if the issue was addressed on its merits, defendant failed to prove that had the alleged error not been committed, a reasonable possibility existed that a different result would have been reached at trial.

2. **Evidence— malicious conduct by prisoner—physical and emotional state of defendant's wife on night of incident**

   The trial court did not err in a malicious conduct by a prisoner case by admitting direct testimony of an officer as to the physical and emotional state of defendant's wife on the night of the incident, because: (1) defendant waived his right to appeal this issue when references to that evidence went unchallenged before and after objection; (2) defendant merely made an objection to testimony about where the marks were on his wife's body and not the question establishing her physical state and the exist-

ence of the marks themselves; (3) multiple references were made to the fact that defendant was first in custody and was later arrested for domestic violence against his wife; (4) defense counsel acknowledged in his opening statement that the jury would hear evidence that defendant was being investigated for domestic violence; (5) each of the police officers testified that they responded to defendant's residence upon receiving a report of an assault on a female and that defendant was taken into custody for that very offense; and (6) even assuming defendant properly preserved this issue for appeal, defendant cannot show the admission was error when the evidence was relevant to the charge of malicious conduct by a prisoner when it established the officer was performing his duty at the pertinent time.

Appeal by defendant from judgment entered 19 August 2005 by Judge Vance B. Long in Forsyth County Superior Court. Heard in the Court of Appeals 28 March 2007.

*Attorney General Roy Cooper, by Assistant District Attorney John K. Moser, for plaintiff-appellee.*

*Adrian M. Lapas, for defendant-appellant.*

ELMORE, Judge.

On 19 August 2005, Stacey G. Gutierrez (defendant) was convicted by a jury of one felony count of malicious conduct by prisoner. On 19 August 2005, the trial court entered judgment against defendant. Defendant appeals.

On 27 October 2004, Officer M.D. Griffith (Officer Griffith), of the Winston-Salem Police Department, received a radio report of an assault on a female. Officer K.L. Rankin (Officer Rankin) arrived and met with a female, later identified as defendant's wife, who appeared visibly shaken and had red marks on her neck and left arm. Officer Rankin remained with defendant's wife, while Officer George Callender (Officer Callender) and Officer Griffith conducted an area search around defendant's home.

Officer Griffith found defendant sitting under the deck of a home across the street. All three officers testified that defendant refused orders to come out from under the deck, was forcibly pulled from under the deck, resisted Officers Griffith and Callender in their attempts to handcuff him, and was eventually placed into custody.

According to Officer Griffith, defendant acted aggressively, combatively, and somewhat threateningly.

A brief search of defendant's clothing and person revealed a small quantity of marijuana. Defendant was arrested for domestic violence and placed in Officer Rankin's patrol vehicle. Officer Griffith then wrote defendant a citation for possession of marijuana. Defendant was escorted to a different patrol vehicle approximately fifty feet away.

Officer Griffith testified that he then gave defendant the citation, explained how defendant could dispose of it, and told defendant that he would put the citation in defendant's pocket for him. According to all three officers, as Officer Griffith was attempting to place the citation in defendant's pocket, defendant looked directly at him, leaned forward and aggressively spit downward. A quarter-sized amount of blood struck the officer on the back of the hand. Afterwards, the officers placed defendant in the second patrol car. Despite having a spit sock placed over his face, defendant continued to try to spit, defendant also beat his head against the car window on the way to the police station.

On 13 December 2004, a true bill of indictment was returned against defendant, charging him with one felony count of malicious conduct by prisoner in violation of N.C. Gen. Stat. § 14-258.4 (2005). This case was heard before the Superior Court of Forsyth County on 17 August 2005. The case was submitted to a jury, which found defendant guilty of malicious conduct by prisoner.

Defendant appeals, assigning as error the trial court's admission, over defendant's objection, of the police officers' testimony that defendant intentionally spat on Officer Griffith. Defendant also assigns as error the trial court's admission of testimony that defendant's wife was visibly shaken and appeared to have been physically assaulted.

A trial court's decision with regards to the admission of evidence will only be reversed upon a showing of abuse of discretion. *State v. McCree*, 160 N.C. App. 19, 28, 584 S.E.2d 348, 354 (2003). Defendant must show that the ruling was "manifestly unsupported by reason and could not have been the result of a reasoned decision." *State v. Brown*, 350 N.C. 193, 209, 513 S.E.2d 57, 67 (1999).

[1] Defendant contends that the officers' testimony concerning his intent to spit on Officer Griffith prejudiced the jury. However, defend-

ant waived his right to appeal the admission of such testimony by eliciting testimony from Officer Rankin regarding defendant's intent. *See State v. Whitley*, 311 N.C. 656, 661, 319 S.E.2d 584, 588 (1984) (holding that the defendant waived his right to appeal the admission of evidence admitted over his objection when references to that evidence went unchallenged before and after objection). In the instant case, each officer testified, over defendant's objections, that it was their "impression" that defendant had not spit on Officer Griffith "by accident." However, at the very outset of the cross-examination of Officer Rankin, the following colloquy occurred:

> [Defense Counsel]: Officer Rankin, when you say he spit, it hit his hand, correct, mister—Officer Griffith's, correct?
>
> [Officer Rankin]: Yes, sir.
>
> [Defense Counsel]: And in your estimation, that was what he was aiming for was his hand?
>
> [Officer Rankin]: I don't know what he was aiming for, sir.

Defense counsel's second question in this exchange clearly solicits Officer Rankin's opinion about where defendant was aiming the spit that hit Officer Griffith's hand. Accordingly, defendant has failed to preserve this issue for appeal.

Moreover, even were we to address this issue on its merits, defendant failed to prove that, had the alleged error by the trial court not been committed, a reasonable possibility exists that a different result would have been reached at trial. N.C. Gen. Stat. § 15A-1433(a) (2005); *State v. Gardner*, 316 N.C. 605, 613, 342 S.E.2d 872, 877 (1986) (announcing standard of review for alleged prejudicial errors not affecting constitutional rights).

The State's evidence at trial was sufficiently strong to preclude any reasonable possibility that the jury would have found differently if the trial court excluded the challenged testimony. Each officer testified that defendant was combative and belligerent on the evening of the incident. Despite having been escorted fifty feet to the second patrol car, during which time defendant could have cleared the blood and saliva from his mouth, defendant chose the moment that Officer Griffith was preparing to hand him a citation to spit in Officer Griffith's general direction.

All three officers testified that, before spitting, defendant looked directly at Officer Griffith, gathered the fluid in his mouth and aggressively spit downward towards Officer Griffith's hand. Officers Rankin

and Callender also testified that even after having been placed in the second patrol car, defendant remained combative, continuing to spit despite having a spit sock over his face and beating his head against the car window.

Accordingly, defendant has not established prejudice sufficient to warrant a new trial. *State v. Alston*, 307 N.C. 321, 339-40, 298 S.E.2d 631, 644 (1983). There was abundant evidence by which the jury could conclude, as it did, that defendant intentionally spit on Officer Griffith.

**[2]** Defendant also assigns as error the trial court's admission of direct testimony from Officer Rankin as to the physical and emotional state of defendant's wife on the night of the incident. In particular, defendant's argument centers on the following colloquy:

[Prosecution]: What did you observe about her physical appearance?

[Officer Rankin]: Well, she was visibly shaken, she—she was crying, she, I mean, she had marks on her.

[Prosecution]: Where—where did you see the marks?

[Defense Counsel]: Objection, Your Honor, relevance to the issue at hand.

[The Court]: Overruled as to this. I don't think we need to go into a great deal of detail. I'm going to allow you to establish why the officer was there.

[Prosecution]: Yes, sir.

[The Court]: Go ahead, please.

[Prosecution]: Could you describe for the jury—the marks that you observed on Ms. Gutierrez?

[Officer Rankin]: Her—her neck was red, her left arm was reddened.

Defendant contends that this testimony prejudiced him before the jury as it was a "clear implication . . . that [defendant] had previously assaulted [his wife] that evening before the police arrived." Defendant's argument is without merit.

As noted above, defendant waived his right to appeal this issue. *Whitley*, 311 N.C. at 661, 319 S.E.2d at 588 (holding that the defendant

waived his right to appeal the admission of evidence admitted over his objection when references to that evidence went unchallenged before and after objection). Defendant merely made an objection to testimony about where the marks were on his wife's body, not the preceding question establishing her physical state and the existence of the marks themselves. In addition, multiple references were made to the fact that defendant was first in custody and was later arrested for domestic violence against his wife.

Defense counsel, in his opening statement, acknowledged to the jury that they would hear evidence that defendant was being investigated for domestic violence. Each of the police officers testified that they responded to defendant's residence upon receiving a report of an assault on a female and that defendant was taken into custody for that very offense. Defense counsel failed to object to or move to strike any of these references about domestic violence against or physical injuries suffered by defendant's wife. Accordingly, defendant has waived his right to appeal this assignment of error.

Moreover, even assuming that defendant properly preserved this issue for appeal, defendant cannot show that the trial court erred by admitting the challenged testimony. Defendant contends that the testimony concerning his wife's physical appearance was prejudicial and irrelevant. However, a review of the statute under which the State charged defendant reveals that defendant's contentions are incorrect. Under N.C. Gen. Stat. § 14-258.4:

> Any person in the custody of . . . any law enforcement officer . . . who knowingly and willfully throws, emits, or causes to be used as a projectile, bodily fluids or excrement at a person who is an employee of the State or local government while the employee is in the performance of the employee's duties is guilty of a Class F felony.

N.C. Gen. Stat. § 14-258.4(a) (2005). The fact that Officer Griffith was at defendant's home on a domestic violence complaint, and that defendant was placed in custody for the commission of a domestic violence offense, was relevant to the charge because it established that Officer Griffith was performing his duty on the night in question. Accordingly, even if defendant had preserved this error for appeal, the trial court did not err in admitting Officer Rankin's testimony about defendant's wife's appearance on the night of the incident.

Defendant waived his right to appeal the admission of the challenged evidence. Accordingly, we find no error.

No error.

Judges McCULLOUGH and STROUD concur.